IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| DEMARCUS KENARD JOE, <br> TDCJ No. 01047716, <br><br> Plaintiff, <br><br> v. <br><br> NON STOP CONNECTIONS (PEN PAL SERVICE COMPANY) and TEXAS DEPARTMENT OF CRIMINAL JUSTICE, <br><br> Defendants. | § § § § § § § § § § § § § § § § §  Civil Action No. 7:17-cv-00077-M-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a civil rights complaint filed by Plaintiff Demarcus Kenard Joe, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF No. 1. On May 16, 2017, the Court ordered Plaintiff to either pay the $400.00 filing and administrative fees or submit a motion for leave to proceed *in forma pauperis* by June 16, 2017. ECF No. 4. The Court informed Plaintiff that a motion for leave to proceed *in forma pauperis* must include a statement, certified by an authorized officer of the institution in which Plaintiff is confined, showing Plaintiff's current trust account balance. *Id.* Plaintiff was admonished that "[f]ailure to comply with this order may result in dismissal of the case without further notice." ECF No. 4 at 2.

In response, Plaintiff filed a letter to the Court indicating his desire to proceed *in forma pauperis* and attached a copy of his original civil rights complaint. ECF Nos. 5, 6. Construing Plaintiff's letter as a motion for leave to proceed *in forma pauperis*, the Court informed Plaintiff

that his pleading was deficient in that it neither contained a proper motion for leave to proceed *in forma pauperis* nor a certified trust account statement showing Plaintiff's current trust account balance. ECF No. 7. The Court again ordered Plaintiff to either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. *Id.* at 2. The Court warned Plaintiff that "[f]ailure to comply with this order will result in the Court recommending dismissal of the case without further notice." *Id.* The Clerk's docket sheet reflects that Plaintiff has failed to comply with or otherwise respond to the Court's Order.

The undersigned takes judicial notice that *in forma pauperis* application forms and inmate trust account statements are readily available through the law libraries in Texas state prisons. *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming district court's dismissal for want of prosecution after inmate failed to comply with *sua sponte* order to provide financial information for assessment of PLRA filing fee); *Morrow v. Collins*, 111 F.3d 374 (5th Cir. 1997) (taking judicial notice that an inmate confined in a Texas state prison can get a statement of inmate trust account from the prison law library and dismissing the case for want of prosecution, even though the prisoner claimed that he could not get the statement due to hostility on the part of prison officials).

"A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Such dismissal pursuant to Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with

prejudice is an extreme sanction to be used only when the "'plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits.'" *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

Plaintiff has been given ample opportunity to pay the filing fee or submit a motion for leave to proceed *in forma pauperis*. To date, Plaintiff has failed to comply with the Court's order. Absent compliance, this case cannot proceed. Although Plaintiff has failed to comply with the Court's Order requiring him to do so, subjecting his Complaint to dismissal under Rule 41(b), dismissal with prejudice is not here warranted. Although he has failed to comply with the Court's order, it is not evident from the record that Plaintiff has engaged in purposeful delay or contumacious conduct. Upon consideration of all relevant factors, the undersigned finds that the interests of justice and those of judicial efficiency would be best served by dismissal of this action without prejudice. Review of Plaintiff's complaint reveals that the incident underlying his claim occurred in or around March of 2017. *See* ECF No. 1 at 4. Therefore, Plaintiff has ample time in which to refile his complaint prior to the expiration of the two-year statute of limitations.

For the foregoing reasons, the undersigned RECOMMENDS that Chief United States District Judge Barbara M.G. Lynn DISMISS this action without prejudice for want of prosecution.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with

a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed July 27, 2017.

                                                    Hal R. Ray, Jr.
                                                   UNITED STATES MAGISTRATE JUDGE